492 So.2d 824 (1986)
B.I., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2141.
District Court of Appeal of Florida, Second District.
August 13, 1986.
*825 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The appellant appeals an order denying his motion for relief from judgment pursuant to Florida Rule of Juvenile Procedure 8.230.[1] We reverse.
The appellant, who was sixteen years old at the time, was charged in juvenile court with grant theft of an automobile and driving without a valid driver's license. At arraignment the trial judge explained to the appellant and the appellant's father that the appellant had a right to counsel and that counsel would be provided for him if he could not afford private counsel. The appellant and his father then signed a written document waiving the appellant's right to counsel.
Accordingly, the appellant was unrepresented by counsel at the adjudicatory hearing. Neither at the beginning of that hearing nor at any time during the hearing did the trial judge renew the offer of counsel to the appellant. At the conclusion of the adjudicatory hearing, the trial judge found the appellant to be guilty of a delinquent act and committed him to the custody of the Department of Health and Rehabilitative Services for one year.
Subsequently, the public defender filed a motion for relief from judgment on the appellant's behalf, alleging that the appellant's waiver of counsel was not free and voluntary, and that he was adjudicated guilty at a hearing at which he was not represented by counsel. After a hearing on the motion, the trial judge ruled that the appellant's waiver of counsel was made freely and voluntarily. The motion was denied.
On this appeal, the appellant points out that the trial judge failed to comply with the provisions of Florida Rule of Juvenile Procedure 8.290(b)(4), which states:
If a waiver [of counsel] is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
We agree with the appellant that the trial judge's failure to renew the offer of counsel at the adjudicatory hearing entitles the appellant to relief.[2]J.G.S. v. State, 435 So.2d 942 (Fla. 2d DCA 1983). Thus we need not address the question whether the trial judge was correct in finding that the original waiver of counsel was knowingly and voluntarily made.
Accordingly, we reverse the order denying the appellant's motion for relief from judgment with directions that the appellant's adjudication of delinquency be vacated and additional proceedings be taken.
Reversed with directions.
RYDER and FRANK, JJ., concur.
NOTES
[1] The appellant's motion recites that it is filed pursuant to Florida Rule of Juvenile Procedure 8.240. That obviously is an inadvertent error.
[2] We note that the state has not questioned on this appeal whether the issues raised by the appellant constitute grounds for relief from judgment under rule 8.230.